**Sealed**
Public and unofficial staff access to this instrument are prohibited by court order

United States Courts
Southern District of Texas
FILED

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

*August 22, 2024*

Nathan Ochsner, Clerk of Court

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | CASE NO. **4:24-cr-448** |
| v. | JUDGE **Hittner** |
| **JOSE ALEX LOPEZ,** a/k/a "Lito," | **INDICTMENT** |
| **A'LAN TINGLE,** a/k/a "A.J.," | 18 U.S.C. § 2 |
| | 18 U.S.C. § 922(g) |
| **KELSEY QUINN RIGBY,** a/k/a "Quinn," | 18 U.S.C. § 922(o)(1) |
| | 21 U.S.C. § 841(a)(1) |
| **JARED ROBLEDO,** | 21 U.S.C. § 841(b)(1)(A)(ii) |
| | 21 U.S.C. § 841(b)(1)(C) |
| **JORDAN LOPEZ,** | 21 U.S.C. § 846 |
| and | 21 U.S.C. § 856 |
| **TANAUSU MADRIGAL,** | **FORFEITURE** |
| Defendants. | **UNDER SEAL** |

**THE GRAND JURY CHARGES:**

<u>**COUNT ONE**</u>

<u>**Title 21, United States Code, Section 846**</u>
<u>**Conspiracy to Possess with Intent to Distribute and Distribute a Controlled Substance**</u>

Beginning no later than in or about in or about August 2023, the exact date being unknown, and continuing up to and including the date of this indictment, in the Southern District of Texas

and elsewhere within the jurisdiction of the Court, defendants,

**JOSE ALEX LOPEZ,**
a/k/a "**Lito**,"

**A'LAN TINGLE,**
a/k/a "**A.J.**,"

**JARED ROBLEDO,**

**KELSEY QUINN RIGBY,**
a/k/a "**Quinn**,"

**JORDAN LOPEZ**,

and

**TANAUSU MADRIGAL**,

did knowingly and intentionally conspire and agree with each other, and others known and unknown to the Grand Jury, including **Unindicted Co-Conspirator 1 ("UC-1")**, to possess with intent to distribute and distribute a mixture and substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, a Schedule II controlled substance,

**All in violation of Title 21, United States Code, Sections 846 and 841(a)(1)**.

QUANTITY ATTRIBUTIONS

Defendants **JOSE ALEX LOPEZ, a/k/a "Lito**,**"** and **A'LAN TINGLE, a/k/a "A.J.**,**"** knew from their own conduct as members of the conspiracy charged in Count One and from the readily foreseeable conduct of other members of that conspiracy that the conspiracy involved a quantity of at least 5 kilograms of a mixture and substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii).

Defendant **JARED ROBLEDO** and **KELSEY QUINN RIGBY, a/k/a "Quinn**,**"** knew

from his own conduct as a member of the conspiracy charged in Count One and from the readily foreseeable conduct of the other members of that conspiracy that the conspiracy involved a quantity of at least 500 grams of a mixture and substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B)(ii).

**All in violation of Title 21, United States Code, Section 846**.

## COUNT TWO

### Title 21, United States Code, Section 841(a)(1)
### Possession with Intent to Distribute a Controlled Substance

On or about May 16, 2024, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, defendants, **JOSE ALEX LOPEZ, a/k/a "Lito," A'LAN TINGLE, a/k/a "A.J.,"** and **KELSEY QUINN RIGBY, a/k/a "Quinn**," did knowingly and intentionally possess with intent to distribute a mixture and substance containing at least 500 grams of cocaine, its salts, isomers and salts of its isomers, a Schedule II controlled substance,

**In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B) and (C).**

## COUNT THREE

### Title 18, United States Code, Section 922(g)(1)
### Possession of a Firearm by a Convicted Felon

On or about May 22, 2024, in the Southern District of Texas, defendant **A'LAN TINGLE, a/k/a "A.J.,"** knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess at least one of the following firearms, to wit: a Ruger firearm with serial number 853-59639, a Springfield firearm with serial number HD915212, and a Sig Sauer firearm with serial number 66B832347, and said firearms had been transported in interstate and foreign commerce,

**In violation of Title 18, United States Code, Section 922(g)(1).**

## COUNT FOUR

### Title 21, United States Code, Section 856
### Maintaining a Drug Premises

Beginning on an exact date unknown, but at least by May 22, 2024, in the Southern District of Texas, defendant, **A'LAN TINGLE, a/k/a "A.J.,"** did knowingly use and maintain a place located at 8707 Olive Branch Ct, Houston, Texas, for the purpose of manufacturing, distributing, and using a controlled substance, to wit: cocaine.

**In violation of Title 21, United States Code, Section 856(a).**

## COUNT FIVE

### Title 18, United States Code, Section 922(o)(1)
### Illegal Possession of a Machine Gun

On or about May 4, 2024, in the Southern District of Texas, defendant, **JORDAN LOPEZ**, did knowingly possess a machine gun, that is, a Glock pistol with serial number BXSC011, equipped with a machinegun conversion device ("switch") — which is a combination of parts designed and intended for use in converting a firearm into a machinegun, and is, therefore, a machinegun as defined in Title 26, United States Code, Section 5845(b).

**In violation of Title 18, United States Code, Section 922(o)(1).**

## COUNT SIX

### Title 18, United States Code, Section 922(o)(1)
### Illegal Possession of a Machine Gun

On or about May 8, 2024, in the Southern District of Texas, defendant, **TANAUSU MADRIGAL**, did knowingly possess a machine gun, that is, a Glock pistol with serial number BXSC011, equipped with a machinegun conversion device ("switch") — which is a combination of parts designed and intended for use in converting a firearm into a machinegun, and is, therefore, a machinegun as defined in Title 26, United States Code, Section 5845(b).

**In violation of Title 18, United States Code, Section 922(o)(1).**

## FORFEITURE ALLEGATION

The allegations contained in Counts One, Two, and Four of this Indictment are realleged and incorporated by reference for the purpose of alleging a forfeiture pursuant to the provisions of Title 21, United States Code, Section 853.

Upon conviction of the controlled substance offenses alleged in these Counts, each defendant shall forfeit to the United States all property, real and personal, constituting, or derived from, proceeds obtained, directly and indirectly, as a result of the violations incorporated by reference in this Allegation and all property used, or intended to be used, in any manner or part, to commit, and to facilitate the commission of the violations alleged in these Counts, including, but not limited to the following: a money judgment in the amount of proceeds obtained directly and indirectly as a result of each defendant's participation in the offenses alleged in these Counts.

If any of the property described above, as a result of any act or omission of a defendant:

- a. cannot be located upon the exercise of due diligence;
- b. has been transferred or sold to, or deposited with, a third party;
- c. has been placed beyond the jurisdiction of the Court;
- d. has been substantially diminished in value; or
- e. has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

The allegations contained in Counts Three, Five, and Six of this Indictment are re-alleged and incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c).

Upon conviction of the offense in violation of Title 18, United States Code, Section 922(g) set forth in Count Three of this Indictment, defendant **A'LAN TINGLE, a/k/a "A.J**, shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d), and Title 28, United

States Code, Section 2461(c), any firearms and ammunition involved or used in the commission of any offense for which such defendant was convicted.

Upon conviction of the offense in violation of Title 18, United States Code, Section 922(o) set forth in Counts Five and Six of this Indictment, defendants **JORDAN LOPEZ** and **TANAUSU MADRIGAL** shall respectively forfeit to the United States pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved or used in the commission of any offense for which each such defendant was convicted.

[remainder of page intentionally left blank]

All in accordance with Title 18, United States Code, Section 924(d); Title 21, United States Code, Section 853; Title 28, United States Code, Section 2461(c); and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

A TRUE BILL

Original Signature on File

GRAND JURY FOREPERSON

ALAMDAR S. HAMDANI
United States Attorney
Southern District of Texas

ANH-KHOA TRAN
Assistant United States Attorney

DAVID L. JAFFE
Chief, Violent Crime and Racketeering Section
United States Department of Justice

GEORGE MEGGALI
AMY L. SCHWARTZ
Trial Attorneys
United States Department of Justice
Violent Crime and Racketeering Section