UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| v. | CASE NO. 4:24-CR-448 |
| **JOSE ALEX LOPEZ,**<br>a/k/a "Lito," | |
| **A'LAN TINGLE,**<br>a/k/a "A.J.," | |
| **KELSEY QUINN RIGBY,**<br>a/k/a "Quinn," | |
| **JARED ROBLEDO,** | |
| **JORDAN LOPEZ,** | |
| **and** | |
| **TANAUSU MADRIGAL,** | |
| Defendants. | |

## MOTION FOR PROTECTIVE ORDER

The United States of America, by and through Nicholas J. Ganjei, United States Attorney for the Southern District of Texas, Assistant United States Attorney Anh-Khoa Tran, and Trial Attorney Amy L. Schwartz of the United States Department of Justice, Violent Crime and Racketeering Section, hereby file this Motion for a Protective Order Governing Discovery.

The United States consulted with counsel for the above-referenced defendants who have been arraigned on the Indictment. All six counsel are unopposed to the Protective Order.

The United States is also submitting a motion for a protective order with the same terms in connection with the related case, *United States v. Green et al.*, criminal number 4:24-cr-404.

The Court can regulate the parties' discovery through Federal Rule of Criminal Procedure 16(d). *See* Fed. R. Crim. P. 16(d)(1). Specifically, Rule 16(d)(1) permits the court, upon a showing of good cause, to deny, restrict, or defer pretrial discovery or inspection by entering a protective order. "It is appropriate, however, to employ Rule 16(d) protective orders to curtail the public dissemination of sensitive discovery materials that may endanger witnesses or informants." *United States v. Barbeito*, 2009 U.S. Dist. LEXIS 102688 (S.D. W. Va. Oct. 30, 2009); *see also United States v. Moore*, 322 Fed. Appx. 78, 83 (2d Cir. 2009) (unpublished). Pursuant to Fed. R. Crim. P. 16(d)(1) and 18 U.S.C. § 3500, the United States moves for a protective order governing discovery, and in support thereof states as follows.

I.

On August 21, 2024, a grand jury returned an indictment charging six defendants in a five-count indictment. All the defendants were charged with conspiracy to distribute, or possess with intent to distribute, a controlled substance. Defendants Jose LOPEZ, TINGLE, and RIGBY were also charged with a substantive count of possession with intent to distribute a controlled substance. In addition, defendant TINGLE was charged with being a felon in possession of a firearm, and with maintaining a drug premises. Defendants Jordan LOPEZ and MADRIGAL were each charged (for separate dates) with illegal possession of a machine gun.

The defendants have been arraigned and entered not guilty pleas. Defendants Jose LOPEZ, TINGLE, ROBLEDO, MADRIGAL, and Jordan LOPEZ been detained. Defendant RIGBY was released on bond with the consent of the Government.

II.

Certain materials that implicate third-party privacy information and law enforcement sensitive information are included within the materials to be provided to defense counsel. In addition, many of these materials are electronic in origin, making mitigation of these concerns through redaction problematic. Furthermore, there are sensitivities associated with the disclosure of investigative methods, names, and contact information of witnesses. In addition to protecting the materials themselves, the United States also wishes to prevent harm to and harassment of possible witnesses.

In this case, discovery materials include witness statements, witness statement transcripts, and video/audio recordings of witness interviews ("Witness Materials"). Certain of the Witness Materials come from electronic devices worn by confidential human sources ("CHS"), consensually recorded telecommunications and/or video involving a CHS, or information provided by cooperating defendants. Also contained within the discovery is information that could be used to identify a CHS, cooperating defendant, and/or witness. In addition, many of the law enforcement reports and affidavits used to obtain legal process in this case contain information that could be used to identify a CHS, cooperating defendant, or witness.

A CHS, cooperating defendant, or witness could be placed at significant risk of retaliation if his or her identity was revealed without appropriate protections. Law enforcement officers have spoken to CHSs, cooperating defendants, and witnesses who have expressed concern for their safety, and the safety of their families should the defendants, or associates of the defendants, become aware of their cooperation with law enforcement at this early stage in the case.

The United States is not required to produce witness statements until after a witness has testified on direct examination. 18 U.S.C. § 3500 (Jencks Act); Fed. R. Crim. P. 26.2; *United States*

*v. Campagnuolo*, 592 F.2d 852, 858 n.3 (5th Cir. 1979), *United States v. Murphy*, 569 F.2d 771, 774 n.10 (3d Cir. 1978). Moreover, there is no requirement in case law, statute, or rule that the Government identify every possible government witness. In addition, the Jencks Act was specifically designed to protect witnesses' identities. *See* 18 U.S.C. § 1600 (requiring disclosure of Jencks material after the witness testifies). In sum, the United States has no obligation to make early disclosure of Jencks material or provide a list of trial witnesses in advance of trial.

To balance the United States' right to comply with the strict terms of the Jencks Act, the Court's right to efficiently manage the trial proceedings, and the need for the defendants to adequately prepare for trial, the United States proposes a compromise regarding the witnesses whose safety is of paramount concern. The United States proposes the Court issue a protective order to address the safety concerns of the United States' witnesses while balancing the need for the defense to have access to discovery materials and adequate time to prepare for trial.

III.

Pursuant to Federal Rule of Criminal Procedure 16(d) and 18 U.S.C. § 3500, the United States submits that the safety of CHSs, cooperating defendants, and potential witnesses can be ensured without impairing the right of the defendants to a fair trial by the Court entering a Protective Order requiring the following:

1. Definitions:
    a. "**Protected Material**" shall include:
        i. Any discovery materials that reveal the identity or personal identifying information ("PII") of a civilian witness, or contain recordings (audio or video), transcripts/translations of those recordings, and/or summaries of such witness statements ("**Protected Witness Material**"); and
        ii. All documents authored by law enforcement officers, along with supporting audio and video recordings, photographs, search warrants and other legal process secured in connection with the investigation,

personal identifying information in documents and electronic devices, and criminal history reports.

2. The United States will provide to each defense counsel a single copy of any **Protected Material** being disclosed. The Government is authorized to redact, delay, or withhold disclosure of **Protected Material**, including **Protected Witness Material**, based on safety and related concerns relating to the identity of a witness, including a confidential human source (CHS), or cooperating defendant. The parties will meet and confer in good faith to try to address any concerns regarding materials that have been redacted, delayed, or withheld on a case-by-case basis. To the extent concerns cannot be resolved, outstanding disputes may be raised with the Court.

3. The government will designate the **Protected Material** as being subject to a protective order.

4. Each defense counsel is permitted to make copies of the **Protected Material** as necessary for the preparation of the defense and for litigation of matters that arise therefrom. As explained below, each defense counsel will maintain a record of all copies of the **Protected Material** that are made and pursuant to paragraph 18 will return or destroy all copies that are made at the conclusion of the litigation.

5. Defense counsel shall use the **Protected Material** solely for the defense of the above-captioned case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

6. Each defense counsel will maintain all **Protected Material**, including any copies, in accordance with this Order.

7. Defense counsel shall keep all **Protected Material** in their constant care, custody, and control, and shall not disclose any **Protected Material**, or its contents directly or indirectly to any person or entity other than (a) their respective clients (the "Defendants"); (b) members of the defense team (persons formally employed to assist in the defense, including attorneys formally employed with the law firm, full or part-time assistants, paralegals, translators, investigators, and secretaries); and (c) experts retained to assist in the preparation of the defense. Before any such person, organization or other entity receives any **Protected Material**, he or she must be provided with a copy of this Protective Order and agree to abide by its terms. The **Protected Material** and the information therein will not be disseminated to anyone not actively assisting in the preparation of the defense in this case.

8. In addition, the **Protected Material** will not be disseminated to, nor shall the information within **Protected Material** be disclosed in any way, to the media.

9. Defense counsel may discuss the general contents of **Protected Material** with the Defendants but ***shall not***: (1) provide PII other than the name of any civilian witness to the Defendants, (2) provide copies of the **Protected Witness Material** to the Defendants, or (3) provide written summaries of the **Protected Witness Material** to

the Defendants. **<u>Under no circumstances shall any copy of any Protected Material be left at any detention facility for a Defendant to review</u>**.

10. Each defense counsel may show **Protected Material** to third-party witnesses for the sole purpose of preparation of a defense, but may not provide, or otherwise disseminate to third-party witnesses, copies of **Protected Material**. Each defense counsel may not permit third-party witnesses to copy, photograph, video record, or otherwise reproduce **Protected Material**.

11. The Government will disclose the identity and expected testimony of a civilian witness to counsel not less than four weeks before that witness is due to testify at a trial or other proceeding. Once the identity of a witness is disclosed, counsel are authorized to disclose the name, but not other PII (including but not limited to address, phone number, date of birth, social security number etc.) to the Defendants, but may orally summarize the witness's statements. The remaining provisions of paragraph 9 will continue to apply.

12. Each defense counsel shall maintain the **Protected Material** at all times in a secure storage facility (including both physical and electronic), except while being actively utilized as provided for in this Order.

13. A copy of the Order shall be kept with the **Protected Material** at all times.

14. Should a Defendant change her/his attorney at any time before the **Protected Material** and all copies are returned to the USAO, a Defendant's counsel will not provide the **Protected Material**, including any copies or disclose the contents of any Protective Materials to any subsequent counsel unless subsequent counsel for a Defendant in this matter has agreed to, or has been ordered by the Court, to be bound by this Protective Order. If subsequent counsel's consent to this Order cannot be obtained, counsel shall return the **Protected Material** and all copies to the USAO immediately.

15. Any papers to be served upon the Court by either party that include **Protected Witness Material** or refer to the contents of **Protected Witness Material** shall be filed under seal.

16. Any papers to be served upon the Court in response to papers served in conformity with the preceding paragraph shall also be filed under seal.

17. Upon the final disposition of this case, whether by guilty plea, conviction at trial, or otherwise, all **Protected Material** maintained by a Defendant's counsel will remain subject to this Protective Order unless and until such order is modified by agreement of the parties or by Court Order. If a Defendant's counsel seeks not to maintain possession of any **Protected Material** in conformity with the Protective Order, such **Protected Material** shall be destroyed or returned to the United States.

18. All **Protected Material**, including all copies, will be destroyed or returned to the United States Attorney's Office for the Southern District of Texas ("USAO") at the conclusion of this case and any post-conviction collateral attack on a Defendant's

conviction or sentence arising therefrom. A longer retention period may be authorized by mutual agreement without the need for an amendment to this order.

19. All parties reserve the right to seek further modifications of this Protective Order.

20. Any person found violating any portion of this Protective Order may be subject to the full contempt powers of the Court.

21. Subject to the terms of this order, including paragraph 2 reflecting the Government's right to make redactions as needed to address safety and related concerns, discovery pursuant to this order may occur notwithstanding earlier orders by any magistrate sealing any affidavit, warrant, or related document.

22. This order does not supersede the protective order issued by Judge Keith P. Ellison on August 22, 2024, governing Title III applications, affidavits, and orders, and information and recordings intercepted pursuant to Title III orders in this investigation. Judge Ellison's order continues in force as to those materials.

**WHEREFORE**, in the interest of justice and to ensure the safety of witnesses, the United States respectfully requests this Court to grant this motion and enter the proposed Protective Order.

Respectfully submitted this 9th day of May, 2025.

Respectfully submitted,
NICHOLAS J. GANJEI
United States Attorney
Southern District of Texas

By: */Anh-Khoa Tran*
Anh-Khoa Tran
Assistant United States Attorney

By: *Amy L. Schwartz*
Amy L. Schwartz
Trial Attorney
Department of Justice
Violent Crime and Racketeering Section